DAVID H. SIMS, Respondent, v. D. WARD NICHOLS et al., Defendants, and CHARLES POKORNY, Appellant.— Present — Dore, J. P., Cohn, Callahan, Van Voorhis and Bergan, JJ. [Order denied motion to dismiss complaint under rule 106.] [See *post*, p. 986.]

DAVID H. SIMS, Respondent, v. D. WARD NICHOLS et al., Defendants, and CHARLES POKORNY, Appellant.— No opinion. Present — Dore, J. P., Cohn, Callahan, Van Voorhis and Bergan, JJ. [Order denied motion to dismiss complaint under rule 107.] [See *post*, p. 986.]

ZENITH-GODLEY CO., INC., et al., Appellants, v. T. T. WILEY, as Acting Traffic Commissioner of the City of New York, et al., Respondents.— Present — Peck, P. J., Cohn, Callahan, Van Voorhis and Bergan, JJ.

PAUL TOLNAI, Respondent, v. ALEX CRAVEN et al., as Executors of DAVID SCHNUR, Deceased, Appellants.— The date for the examination to proceed shall be fixed in the order. Present — Peck, P. J., Cohn, Callahan, Van Voorhis and Bergan, JJ.; Cohn, J., dissents and votes to reverse and deny in the following memorandum: Plaintiff is not entitled to an examination before trial of Gertrude S. Freitag, as executrix, as a party because all items upon which the examination is sought involve transactions which occurred prior to her appointment as executrix (*Pardee* v. *Mutual Benefit Life Ins. Co.*, 238 App. Div. 294, 297). In my view it would be improper to examine the executrix in her representative capacity, and require her to give testimony concerning matters over which she cannot possibly have any personal knowledge. In her representative capacity as executrix she could not make any admissions binding the estate of David Schnur as to matters which occurred prior to decedent's death and prior to the time of her appointment as executrix. As to that portion of the order which directed the production of books and documents pursuant to section 296 of the Civil Practice Act, their production